IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE D. DIMAS,

        Plaintiff,

v.                                                                                                   No. 2:25-cv-00165-KWR-JHR

FRANCISCO MERCADO PEREZ, *et al*.

        Defendants.

**ORDER AND OPINION GRANTING THE UNITED STATES'S MOTION TO DISMISS AND DISMISSING ALL REMAINING CLAIMS**

THIS MATTER comes before the Court on the United States's motion to dismiss, Doc. 36. Plaintiff George Dimas did not respond to the United States's motion. The Court finds that the United States's motion is well taken, and therefore, is **GRANTED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3), and therefore, the case is dismissed without prejudice.

### BACKGROUND

In March 2023, Plaintiff George Dimas was involved in a car accident. Doc. 1, ¶ 3. Defendant Francisco Mercado Perez was being chased by United States Bureau of Customs and Border Protection (the "CBP") agents, New Mexico State Police officers, and Hidalgo County officers when, at some point during the chase, an officer or agent deployed a spike strip to stop Perez's vehicle. Doc. 1, ¶¶ 8–10. After running over the spike strip, Perez lost control of his vehicle and collided with Plaintiff's vehicle. Doc. 1, ¶ 10. Plaintiff claims that the CBP agents involved in the chase acted negligently and seeks damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Doc. 1, ¶ 11.

Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1, ¶ 13. Plaintiff establishes federal question jurisdiction by bringing a claim against the United States under 28 U.S.C. § 1346(b). Doc. 1, ¶ 13. Plaintiff does not assert diversity jurisdiction under 28 U.S.C. § 1332(a).

## DISCUSSION

### I. Legal Standard

Federal courts can dismiss a case for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Court has subject matter jurisdiction over a civil suit brought against the United States only if it has waived its sovereign immunity. *See United States v. Orleans*, 425 U.S. 807, 814 (1976); *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction" or "(2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). The United States's Rule 12(b)(1) motion attacks the facial sufficiency of the complaint's allegations as to subject matter jurisdiction because it argues that Plaintiff did not follow the FTCA's notice requirements, 28 U.S.C. § 2675(a), and that the claims fall within the discretionary function exception to the FTCA's waiver of sovereign immunity, 28 U.S.C. §§ 1346(b), 2680(a). The Court therefore "presume[s] all of the allegations contained in the . . . complaint to be true." *Ruiz*, 299 F.3d at 1180; *see also Garling*, 849 F.3d at 1293–94.

### II. The United States's motion to dismiss must be granted because Plaintiff does not establish that the United States waived its sovereign immunity.

The United States moved to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(1). Doc. 36 at 1. The Court concludes that Plaintiff does not meet his burden to establish the Court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994) (explaining that the party asserting jurisdiction has the burden of establishing subject matter jurisdiction); *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1220 (10th Cir. 2016). First, Plaintiff did not satisfy the FTCA's notice requirements. *See infra* section A; *Bradley v. United States ex rel. Veterans Admin*, 951 F.2d 268, 270 (10th Cir. 1991) (explaining that the FTCA's notice requirements are "jurisdictional"). Second, even if Plaintiff's FTCA claim was not procedurally barred, the discretionary function exception to the FTCA applies. *See infra* section B; *Garcia v. United States*, 533 F.3d 1170, 1175–76 (10th Cir. 2008) ("If the discretionary function exception applies to the challenged conduct, the United States retains its sovereign immunity[,] and the district court lacks subject matter jurisdiction to hear the suit." (citation and internal quotations omitted)). Accordingly, the United States's motion to dismiss must be granted. *See* Fed. R. Civ. P. 12(b)(1).

    A. <u>Plaintiff did not satisfy the FTCA's notice requirements</u>.

Plaintiff did not satisfy the FTCA's notice requirements before suing the United States in federal court. The FTCA states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless [1] the claimant shall have first presented the claim to the appropriate Federal agency and [2] his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). A claim is "presented" when the federal agency "receives from a claimant . . . an executed Standard Form 95." 28 C.F.R. § 14.2(a) (1987).[1] Plaintiff must satisfy both

---

[1] Plaintiff filed a Standard Form 95, which is the form used to present claims against the United States under the FTCA for property damage, personal injury, or death allegedly caused by a federal employee's negligence or wrongful act or omission occurring within the scope of the employee's federal employment. *See* 28 C.F.R. § 14.2 (1987).

3

preconditions before he can bring an FTCA claim against the United States in federal court. *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (explaining that the FTCA's notice requirements "must be strictly construed" and "cannot be waived" (citing *Bradley*, 951 F.2d at 270)).

Plaintiff's suit against the United States is premature because it was brought in federal court before the CBP finally denied his administrative claim. On November 27, 2024, Plaintiff filed an administrative claim and provided a written statement to the CBP describing the facts and circumstances underlying his claim. Doc. 38, Ex. A. The CBP received Plaintiff's executed Standard Form 95 on December 10, 2024. Doc. 36, Ex. B. In lieu of waiting for a written response, on February 17, 2025—less than 6 months after he filed an administrative claim with the CBP—Plaintiff sued the United States in federal court to recover money damages stemming from the same event. Doc. 1. The CBP did not deny his administrative claim until May 19, 2025. Doc. 36, Ex. B. Plaintiff's FTCA claim therefore must be dismissed because he sued the United States before the CBP formally denied his administrative claim and before six months had passed since he filed his administrative claim with the CBP.

B. The FTCA's discretionary function exception applies.

As established above, the Court lacks subject matter jurisdiction over the claims against the United States because Plaintiff did not satisfy the FTCA's notice requirements. *See supra* section A. But even if Plaintiff satisfied 28 U.S.C. § 2675(a)'s requirements before suing the United States for money damages in federal court, the Court continues to lack subject matter jurisdiction because Plaintiff's claim falls under the FTCA's discretionary function exception.

"The FTCA allows those injured by federal employees to sue the United States for damages." *Martin v. United States*, 145 S. Ct. 1689, 1695 (2025). "The statute achieves that end

4

by waiving, in 28 U.S.C. § 1346(b), the federal government's sovereign immunity for 'certain torts committed by federal employees acting within the scope of their employment.'" *Id.* (citing *Brownback v. King*, 592 U.S. 209, 212 (2021)); *see also Garcia*, 533 F.3d at 1175 ("The FTCA waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of government employees while acting in the scope of their employment.").[2] "But the statute's waiver is subject to 13 exceptions that claw back the government's immunity in certain circumstances." *Martin*, 145 S. Ct. at 1695. One such exception is the discretionary function exception, which bars "[a]ny claim" based on a government official's "discretionary function." *See* 28 U.S.C. § 2680(a).[3] This exception "poses a jurisdictional prerequisite to suit, which the plaintiff must ultimately meet as part of his overall burden to establish subject matter jurisdiction." *Garcia*, 533 F.3d at 1175 (citing *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir. 1995)) (internal quotations omitted).

Courts apply a two-part test "[t]o determine whether conduct falls within the discretionary function exception." *Garcia*, 533 F.3d at 1176 (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). "[I]f a plaintiff can establish that either element is not met, the plaintiff may proceed because the exception does not apply." *Id*. at 1176 (citing *United States v. Gaubert*, 499 U.S. 315,

---

[2] "[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

[3] "The provisions of . . . section 1346(b) of this title shall not apply to (a) [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

325 (1991)). Absent from this analysis is the factual question of whether the government official(s) abused their discretion or negligently discharged their duties. *See id.* ("[T]he question of negligence is irrelevant." (citing *Aragon*, 146 F.3d at 822)); *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1538 (10th Cir. 1992) ("Our sole inquiry . . . is to determine whether Plaintiffs have overcome the discretionary function exception by pleading facts sufficient to demonstrate a clear waiver of sovereign immunity."); 28 U.S.C. § 2680(a) (stating that the discretionary function exception applies "whether or not the discretion involved be abused").

*First*, the Court must "ascertain the precise governmental conduct at issue and consider whether that conduct was 'discretionary,' meaning whether it was 'a matter of judgment or choice for the acting employee.'" *Garcia*, 533 F.3d at 1176 (citing *Berkovitz*, 486 U.S. at 536). "Conduct is not discretionary if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *Id.* (citing *Berkovitz*, 486 U.S. at 536). "It is the nature of the conduct, rather than the status of the actor, that governs whether the exception applies." *Gaubert*, 499 U.S. at 322 (citing *United States v. Varig Airlines*, 467 U.S. 797, 813 (1984)) (citation modified).

Plaintiff fails to establish that the CBP Agent's conduct is not discretionary. Plaintiff's complaint does not identify any specific statute, regulation, or policy that prescribes a "course of conduct" that is both "specific and mandatory." *See Aragon*, 146 F.3d at 823. The Court thus concludes that Plaintiff did not carry his burden for the first factor. *See id.* at 825 (explaining that a plaintiff must cite to "specific, mandatory directives in . . . particular sections" of a statute, regulation, or policy). Even if he did respond, Plaintiff would be hard-pressed to demonstrate that the CBP Agent's conduct in this case, which allegedly involved an investigation and a "high-speed vehicle chase" culminating in his or her decision to deploy a spike strip, does not involve "a matter

6

of choice" or the use of "judgment." *See id*. at 823; *Berkovitz*, 486 U.S. at 536. Indeed, law enforcement personnel generally exercise considerable discretion while conducting investigations or operating in the field. *See Awad v. United States*, 807 F. App'x 876, 880 (10th Cir. 2020) (unpublished) ("[T]he manner in which law enforcement agents conduct their investigation and identify suspects involves elements of choice."); *JGE ex rel. Tasso v. United States*, 772 F. App'x 608, 612 (10th Cir. 2019) (unpublished) ("As a general matter, law enforcement decisions surrounding the investigation and prosecution of crimes . . . involve the exercise of discretion." (citing *Gonzalez v. United States*, 814 F.3d 1022, 1028 (9th Cir. 2016))); *Martinez v. United States*, 822 F. App'x 671, 677 (10th Cir. 2020) (unpublished).

*Second*, once the Court determines that the complained-of conduct was "discretionary" under a statute, regulation, or policy, it next considers "whether the decision in question is one requiring the exercise of judgment based on considerations of public policy." *Garcia*, 533 F.3d at 1176 (citing *Berkovitz*, 486 U.S. at 536–37). This reflects Congress's desire to "protect policymaking by the executive and legislative branches of government from judicial 'second-guessing.'" *Id.* at 1176 (citing *Varig Airlines*, 467 U.S. at 814). "When established governmental policy . . . allows a [g]overnment agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324. "The focus of the inquiry is not on the agent's subjective intent in exercising discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325.

The Court concludes that Plaintiff fails to overcome the presumption that the CBP Agent's discretionary conduct is grounded in public policy. *See Gaubert*, 499 U.S. at 324. Plaintiff's failure to respond to the United States's motion, when considering both that Plaintiff has the burden to

establish subject matter jurisdiction *and* must overcome the presumption that discretionary conduct is grounded in policy, is enough to find that the second prong is met. Still, Plaintiff would find it difficult to succeed on the second factor because law enforcement personnels' conduct generally involves considerations of public policy, including risks to the public's safety, the overall effectiveness of various approaches, and budgetary constraints. *See Awad*, 807 F. App'x at 881 (explaining that "DEA agents must account for social policy considerations such as whether and what type of weapons to use, the type of investigative techniques that may be appropriate, the surveillance methods that would be most effective, and how to best and most safely execute warrants"); *Martinez*, 822 F. App'x at 680 ("A police department's decision to teach [an] approach and an officer's decision to use it implicate policy concerns about safety and effectiveness.").

### III. The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citing *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)) (internal quotations omitted); *see also United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

As established *supra* section II, the Court does not have subject matter jurisdiction over Plaintiff's claim against the United States because he does not establish that the United States waived its sovereign immunity. After dismissing the FTCA claim against the United States, the

8

case no longer includes any claims involving a federal question; Plaintiff cites only to the FTCA claim against the United States in support of federal question jurisdiction, *see* Doc. 1, ¶ 13, and all counts against the remaining defendants involve only state law claims. And Plaintiff does not assert (or plead facts necessary to support) diversity jurisdiction under 28 U.S.C. § 1332(a). *See Grimes v. Molish*, 785 F. App'x 576, 579 (10th Cir. 2019) (unpublished) ("Having dismissed [the plaintiff's] constitutional claims as frivolous, and having also correctly determined that the second amended complaint failed to allege a valid basis for diversity jurisdiction, the district court acted well within its discretion in declining to exercise supplemental jurisdiction over [the defendant's] state law claims."). In short, the Court dismissed the only claim over which it had original jurisdiction, and as a result, it can in its discretion decline to exercise supplemental jurisdiction and dismiss the remaining state law claims.

The public policy rationales which justify the exercise of supplemental jurisdiction are absent in this case. Supplemental jurisdiction's "justification lies in considerations of judicial economy, convenience[,] and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Here, all federal claims are dismissed well in advance of trial and before the Court or parties expended substantial resources. It is also proper for a state court to decide the four remaining state law claims in this case. *See Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) ("Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."). Finally,
9

dismissal is not unfair to Plaintiff because the statute of limitations for his state tort claims has not yet expired. *See* N.M. Stat. Ann. § 37-1-8 (1976) ("Actions must be brought . . . for an injury to the person . . . within three years."); *Fernandez v. Char-Li-Jon, Inc.*, 888 P.2d 471, 473 (N.M. Ct. App. 1994), *overruled on other grounds by Romero v. Bachicha*, 28 P.3d 1151 (N.M. Ct. App. 2001) ("An action seeking recovery for personal injury as a result of a defendant's alleged negligence is governed by the three-year period of limitation contained in [N.M. Stat. Ann. § 37-1-8]."). The Court's decision to decline exercising supplemental jurisdiction is thus justified under the circumstances.

## CONCLUSION

In conclusion, the Court finds that the United States did not waive its sovereign immunity, and therefore, the Court lacks subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law claims in this case under 28 U.S.C. § 1367(c)(3).

**It is THEREFORE ORDERED** that the United States's motion to dismiss, Doc. 36, is granted. All remaining claims are dismissed without prejudice.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE